UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE 43,<br><br>　　　　Plaintiff,<br>vs.<br><br>JEFFREY EPSTEIN, GHISLAINE MAXWELL, SARAH KELLEN, LESLEY GROFF, AND NATALYA MALYSHEV<br><br>　　　　Defendants. | CASE NO. 17 Civ 616 (JGK)<br><br>JOINT RULE 26(f) REPORT<br><br>Complaint filed: January 26, 2017<br><br>Hon. John G. Koeltl |

Plaintiff, Doe 43, and Defendants, Jeffrey Epstein ("Epstein"), Lesley Groff ("Groff"), and Sarah Kellen ("Kellen") (collectively, "Defendants"), through their respective undersigned counsel, and pursuant to Rule 26(f) and Rule 16(b) of the Federal Rules of Civil Procedure and this Court's Order, have conferred and file their Joint Rule 26(f) Report and Discovery Plan ("Report & Plan").

1. **Joint rule 26(f) report**

    a.　　**Rule 26(f)(2) - <u>Synopsis, nature and basis of claims/defenses:</u>**

    <u>Plaintiff's Statement</u>

    Plaintiff alleges that between September 2006 and April 2007, Defendants committed tortious violations of 18 USC §1595, by knowingly recruiting, enticing, harboring, transporting, soliciting, threatening, forcing or coercing Plaintiff to engage in commercial sex acts. Plaintiff contends that Defendants' actions were undertaken with knowledge or reckless disregard for the fact that their threats of force, fraud, coercion, and combinations of such means would be used, and were in fact used, in order to cause Plaintiff to engage in commercial sex acts, in violation of 18 USC §1591 through §1594 and are actionable civilly pursuant to 18 USC §1595.

Epstein, Groff, and Kellen's Statement

Defendants assert that the Complaint is factually and legally infirm and should be dismissed. Specifically, the claims in the Complaint fail to state a claim on which relief may be granted and are, in any event, barred by the statute of limitations.

    b.    **Possibilities for Prompt Settlement:**

        The parties have conferred and agree there is not a likelihood for prompt settlement.

    c.    **Timing of Rule 26(a)(1) disclosures:**

        Plaintiff states that initial disclosures should be made by April 20, 2017.

        Defendants object to conducting discovery during the pendency of their motions to dismiss. Defendants anticipate moving to dismiss the Complaint on grounds including those discussed above.

    d.    **Preservation of Evidence:**

        Plaintiff requests Defendants to preserve all documentation or electronically stored or transmitted information that in any way relates to Plaintiff, or to Defendants' properties or aircraft or employees. Defendants request Plaintiff to preserve all evidence relevant to the allegations, her claim and the potential subjects of discovery discussed below, and object to the overly broad nature of Plaintiff's preservation request.

**Rule 26(f)(3) Discovery Plan & Experts**

(A) Plaintiff's Statement -- Discovery will be taken on at least the following subjects: whether Plaintiff communicated with Defendants and if so the extent and specifics of that communication; whether and to what extent Plaintiff and Defendants interacted as alleged in the complaint; Defendants purpose for communicating or interacting with Plaintiff; the relationship, if any, between Defendants and any others relevant to prove allegations in the

complaint; motive and common scheme or plan of Defendants and all issues related to compensatory and punitive damages. Discovery should be completed by September 22, 2017. There is no need for discovery to be conducted in phases.

Epstein, Groff, and Kellen's Statement   Defendants object to conducting discovery during the pendency of their motions to dismiss. Defendants anticipate moving to dismiss the Complaint on grounds including those discussed above  In the event that the case proceeds, discovery will be conducted on at least the following additional subjects: whether there is a factual basis for plaintiff's assertion of violation of 18 USC §1591 through §1594; whether Plaintiff, an adult, engaged in consensual sexual relations, and not commercial sexual acts as alleged in her Complaint; Plaintiff's purposes in travelling to the United States of her own volition, her alleged meetings and other interaction with Defendants after she arrived in the United States, and her departure from the United States of her volition; Plaintiff's record of employment, means of support, traveling, whereabouts and living arrangement during the relevant time; Plaintiff's immigration status and her alleged efforts to gain entrance to the Fashion Institute of Technology or any other similar institutions; the alleged coercion, fraud, and threatened harm; all other factual issues pertaining to Plaintiff's Complaint. Discovery may need to be conducted in phases. In particular, discovery concerning punitive damages should not be conducted until there is a verdict of liability.

(B) The parties shall maintain and not alter or destroy any electronically stored information relevant to this action.

(C) Plaintiff states that there are no anticipated accommodations necessary regarding protections of privileged and trial preparation materials. As documents and information are exchanged the parties will discuss any

necessary confidential materials in need of protection and attempt to reach agreement before involving the Court.

(D) Due to the nature of the claim, the Plaintiff has proceeded anonymously through a pseudonym. It is anticipated by Plaintiff that other non-parties will be called to testify about observations made regarding the activities in question; to the extent those anticipated witnesses were themselves alleged to have been victims similarly situated to Plaintiff, Plaintiff requests the identities of those persons be maintained confidentially and not publicly disclosed. Defendants reserve the right to challenge the Plaintiff's efforts to proceed with this matter without disclosing her identity and the identities of others providing evidence on her behalf.

(E) There are no other requested orders to be issued at this time.

Respectfully submitted,

Dated: April 5, 2017

FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.

By */s/ Brad Edwards*
Brad Edwards
Attorney for Plaintiff
Jane Doe 43

Dated: April 5, 2017

STEPTOE & JOHNSON, LLP

By */s/*
Michael C. Miller
Justin Y.K. Chu
Attorneys for Defendants
JEFFREY EPSTEIN & LESLEY GROFF

Dated: April 5, 2017                    ALSTON & BIRD, LLP
                                        By /s/
                                        Alexander S Lorenzo
                                        John E. Stephenson, Jr.
                                            (Application for admission
                                            *pro hac vice* pending)
                                        Attorneys for Defendant Sarah Kellen