**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JANE DOE 43

*Plaintiff,*

v.

JEFFREY EPSTEIN, GHISLAINE MAXWELL,
SARAH KELLEN, LESLEY GROFF and
NATALYA MALYSHEV

*Defendants.*

No. 17 Civ. 00616 (JGK)

*Application granted. Plaintiff may serve the summons and complaint in this action for defendant Maxwell by serving Counsel for Maxwell in 15-cv-7433 (S.D.N.Y.) with the summons and complaint in this action. So ordered.*

*/s/ JGK U.S.D.J.*
*9/28/17*

### MOTION TO APPROVE ALTERNATIVE SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(e)(1)

Plaintiff, Jane Doe 43, by and through the undersigned counsel and pursuant to Federal Rule of Civil Procedure 4(e)(1) and New York Civil Practice Law and Rules Section 308(5), files this Motion to Approve Alternative Service, and for grounds therefore states:

1. Plaintiff filed this action on January 26, 2017, and previously obtained service of process on Defendants Jeffrey Epstein, Sarah Kellen, and Lesley Groff. However, Plaintiff has been unable to effectuate service on Defendant Ghislaine Maxwell.

2. Defendant Maxwell has been represented by counsel in another action, and continues to be represented by that counsel in that other action presently; however, that Counsel will not accept service for Maxwell nor provide any address at which to serve their client. It is clear that Defendant Maxwell is aware of this action yet is purposely and intentionally evading service, making it impossible thus far for Plaintiff to effectuate service.

3. As this Court is aware, Defendant Maxwell has been represented by the Law Firm of Haddon, Morgan and Foreman, P.C. in the Southern District of New York case titled *Virginia Giuffre v. Ghislaine Maxwell*, case number 1:15-cv-07433. Her attorneys have made clear that

1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 9/29/17

they are not authorized to accept service and do not know of an address where Maxwell resides or can be served.

4. On May 11, 2017, Plaintiff filed her Motion for Extension of Time to Effectuate Service on Defendant Ghislaine Maxwell. [DE 34]. In her Motion, Plaintiff specifically stated, "[i]f unsuccessful, Plaintiff reserves the right to request additional time and permission to effectuate substitute service in light of the fact that Defendant Maxwell has known about this lawsuit since its filing, has instructed her counsel not to accept service, and has also instructed her counsel not to disclose her whereabouts in response to inquiries related to effectuating service in this case."

5. On May 12, 2017, this Court granted Plaintiff's Motion ordering that Plaintiff shall have an additional ninety (90) days to serve Defendant Maxwell. [DE 36].

6. Plaintiff has engaged in extensive internet inquiries in an effort to locate Defendant to no avail. Plaintiff was only able to identify a company apparently run by Defendant Maxwell called the Terra Mar Project with a purported location at 236 East 65th Street, New York, NY 10065.

7. Most recently, on August 1, 2017, Plaintiff attempted to effectuate service upon Defendant Maxwell at the aforementioned location, but was informed that said location is in fact a UPS store not suitable for service.

8. On August 10, 2017, the ninety (90) additional days to effectuate service will expire.

9. Given that Plaintiff has engaged in diligent effort to effectuate service upon Defendant without success, Plaintiff now requests that this Court allow service by alternative methods such as service upon Defendant's prior counsel or service by publication.

2

## MEMORANDUM OF LAW

Based on the exhaustion of the other methods of service delineated above, Plaintiff hereby invokes Federal Rule of Civil Procedure 4(e)(1) to request an order permitting service by an alternative method. Federal Rule of Civil Procedure 4(e)(1) authorizes that service upon a party may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." As such, Defendant Maxwell may be served pursuant to CPLR § 308, which provides several methods by which service upon a natural person may be effectuated, including personal service; service by "delivering the summons ... to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served" and then mailing the summons to the individual's "last know residence;" or service by "affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served" and then "mailing the summons to such person at his or her last known residence" or to his or her place of business - so called "nail and mail" service. CPLR §§ 308(1), (2) & (4).

If service under CPLR §§ 308(1), (2) & (4) is impracticable, CPLR § 308(5) permits service "in such manner as the court, upon motion without notice, directs." The determination of whether service is impracticable "depends upon the facts and circumstances of a particular case." *Securities & Exch. Comm'n v. HGI, Inc.*, No. 99 Civ. 3866 (DLC), 1999 WL 1021087, at *1 (S.D.N.Y. Nov. 8, 1999). Although the Plaintiff must show impracticability of service, there is no requirement of "proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute." *Id.* "When usual methods of service prove impracticable, service that is reasonably calculated, under all the circumstances, to apprise the interested party of the

3

pendency of the action will suffice." *D.R.I., Inc. v. Dennis*, No. 03 Civ. 10026 (PKL), 2004 WL 1237511, at *1 (S.D.N.Y. June 3, 2004).

New York Courts consistently affirm their right to direct or approve alternative methods of service where regular service has been deemed "impracticable." For example, in *Dobkin v. Chapman*, 21 N.Y.2d 490, 498, 289 N.Y.S.2d 161, 168 (1968), the New York Court of Appeals held that where a Plaintiff could not follow the prescribed methods of service as set forth in § 308, Courts are "given the discretion to fashion other means adapted to the particular facts of the case before it" pursuant to § 308(5) (referred to in *Dobkin* as § 308(4), the predecessor to § 308(5)). Moreover, the Court of Appeals held that a Court's discretion to fashion such methods of service "must be broad" if the statute is to be "meaningful." *Id.* at 499, 289 N.Y.S.2d at 168.

There is no doubt that Defendant Maxwell has had actual notice and knowledge of the claims asserted in this Complaint. In fact, Defendant specifically instructed her counsel to conceal her whereabouts in an effort to evade service. Therefore, is no doubt that service upon Defendant Maxwell pursuant to CPLR § 308(1), (2) and (4) is impracticable. As a result, this Court should allow service upon Defendant Maxwell by publication or by service upon her last known counsel. *See Rampersad v. Deutsche Bank Secs., Inc.*, No. 02 Civ. 7311 (LTS), 2003 WL 21073951, at *1 (S.D.N.Y. May 9, 2003) (authorizing alternative service under § 308(5) when Plaintiff was unable to determine Defendant's residence or place of business after "extensive Internet searches" and inquires with Defendant's former clients); *Javier H. v. Garcia-Botello*, 217 F.R.D. 308, 309 (W.D.N.Y. 2003) (service by publication authorized when individual Defendant was a fugitive from the criminal justice system; was likely aware of the pending civil action through his relatives, who were co-Defendants; and when the Court determined that Defendant would likely read a newspaper that was circulated in the region of his last known

4

residence); *see also HGI, Inc.*, 1999 WL 1021087, at *1 (service by publication in *USA Today* authorized when Defendant's whereabouts were unknown, efforts to locate his home or business address by searching computer databases failed, and there existed no record that he designated an agent for service); *D.R.I., Inc.*, 2004 WL 1237511, at *2 (after Plaintiff unsuccessfully attempted to serve Defendant through a process server and searched databases for his address, Court authorized service by sending process by certified mail to Defendant's last known address; by publishing the action in a local newspaper; and by emailing it to Plaintiff's last known email address).

**WHEREFORE**, Plaintiff, Jane Doe 43, prays for this Court to enter an Order granting Plaintiff's Motion to Approve Alternative Service Pursuant to Federal Rule of Civil Procedure 4(E)(1) and New York Civil Practice Law and Rules Section 308(5) upon Defendant **GHISLAINE MAXWELL** authorizing service by publication, by delivering copies of the summons and complaint to counsel for Defendant in another case, or in any other manner that this Court see fit within the parameters of due process.

Dated: August 10, 2017                    Respectfully submitted,

                                          FARMER, JAFFE, WEISSING,
                                          EDWARDS, FISTOS&LEHRMAN, P.L.

                                          /s/ *Bradley J. Edwards*

                                          Bradley J. Edwards
                                          425 North Andrews Avenue, Suite 2 Fort
                                          Lauderdale, Florida 33301 Tel: (954) 524-
                                          2820 Fax: (954) 524-2822 Email:
                                          brad@pathtojustice.com
                                          *Attorney for Plaintiff Jane Doe 43*