USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 1/30/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SARAH RANSOME,

                Plaintiff,

    - against -

JEFFREY EPSTEIN, ET AL.,

                Defendants.

17-cv-616 (JGK)

MEMORANDUM OPINION
AND ORDER

---

JOHN G. KOELTL, District Judge:

The plaintiff, Sarah Ransome[1], has moved the Court to approve alternative service on the defendant Ghislaine Maxwell and to find that service has been effected. The plaintiff asserts that, despite diligent measures, she has been unable to serve Maxwell personally. The plaintiff argues, however, that she has taken reasonable measures to provide Maxwell with notice of the pending lawsuit and requests that this service should be deemed sufficient. Non-party Haddon Morgan & Foreman, P.C. ("Haddon Morgan"), Maxwell's counsel in another litigation pending in this Court, has refused to accept service on behalf of Maxwell and has objected to becoming a general agent of process for Maxwell, but has taken no position on the plaintiff's application to deem service effected through the email efforts that the plaintiff has already made. Neither

---

[1] The Clerk of Court is directed to amend the case caption to name Sarah Ransome as the plaintiff. See Docket No. 96.

1

Maxwell nor any representative of Maxwell has otherwise opposed the current motion.

Federal Rule of Civil Procedure 4(e)(1) permits a plaintiff to serve a defendant by following the procedures set forth by state law in the state where the district court is located. New York Civil Practice Law and Rules Section 308 sets forth available methods of service. Where service under §§ 308(1), (2), or (4) -- which generally provide variants of personal service -- is impracticable, § 308(5) provides that the Court may approve alternative service methods. See, e.g., Rampersad v. Deutsche Bank Sec., Inc., No. 02-cv-7311(LTS)(AJP), 2003 WL 21073951, at *1 (S.D.N.Y. May 9, 2003). Service under § 308(5) requires a showing of impracticability of the other methods of service, but does not require a showing of due diligence. Id.

The plaintiff has taken various steps in an effort to serve Maxwell personally -- all to no avail. The plaintiff retained a private investigation firm to attempt to determine where Maxwell resides, and that firm attempted service at three physical addresses potentially associated with Maxwell. The plaintiff also emailed the summons and complaint to several email addresses that are publicly associated with Maxwell, only one of which has been returned as undelivered. The plaintiff has also provided a copy of the summons and complaint to Haddon Morgan

who currently represents Maxwell in another litigation pending in this district.

Under these circumstances, the plaintiff has demonstrated impracticability, because she has made numerous efforts to obtain information about the defendant's current residence and general contact information to effectuate personal service but has been unable to locate Maxwell. See, e.g., S.E.C. v. Nnebe, No. 01-cv-5247 (KMW), 2003 WL 402377, at *3 (S.D.N.Y. Feb. 21, 2003) (collecting cases). Accordingly, the Court finds that the plaintiff has demonstrated that service on Maxwell is impracticable and thus grants the motion for alternative service.

Further, the steps already taken by the plaintiff to serve Maxwell are "reasonably calculated, under the circumstances, to apprise [her] of the pendency of the action and afford [her] an opportunity to present [he]r objections," and the Court therefore deems service of the summons and complaint to be complete as to defendant Maxwell. See, e.g., Bozza v. Love, No. 15-cv-3271 (LGS), 2015 WL 4039849, at *2 (S.D.N.Y. July 1, 2015) (holding that service upon the defendant's counsel in an unrelated matter was sufficient); Rampersad, 2003 WL 21073951, at *1.

Finally, Haddon Morgan's objection to becoming a general agent of process for Maxwell is unfounded. The Court's ruling

that service by email and personal delivery to Haddon Morgan has been reasonably calculated to provide Maxwell with notice of this lawsuit and an opportunity to respond does not turn Haddon Morgan into a general agent for Maxwell. Indeed, this order does not even require Haddon Morgan to accept service on behalf of Maxwell, but rather finds that service on Haddon Morgan is likely to provide notice of the lawsuit to Maxwell, given that Haddon Morgan is presumably in contact with Maxwell with regards to their representation of her in the other pending matter. See Bozza, 2015 WL 4039849, at *2.

Accordingly, the motion for alternative service is granted. The Clerk of Court is directed to close the motion pending at Docket Number 97. Defendant Maxwell's time to move or answer is twenty-one days from the date of this order. If Maxwell chooses not to appear, the plaintiff may pursue whatever remedies are available, including the entry of a default judgment.

**SO ORDERED.**

**Dated:**     **New York, New York**
              **January 30, 2018**

_____
John G. Koeltl
United States District Judge