UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

SARAH RANSOME,

    Plaintiff,

v.

JEFFREY EPSTEIN, GHISLAINE
MAXWELL, SARAH KELLEN, LESLEY
GROFF, and NATALYA MALYSHEV,

    Defendants.

17-cv-00616-JGK

---------------------------------------------------X


# REPLY MEMORANDUM OF LAW IN SUPPORT OF GHISLAINE MAXWELL'S MOTION TO DISMISS

Laura A. Menninger
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
303.831.7364

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................. i
TABLE OF AUTHORITIES ........................................................................................................... ii
INTRODUCTION .......................................................................................................................... 1
ARGUMENT .................................................................................................................................. 2
I.      The facts ............................................................................................................................ 2
II.     The amended complaint fails to state a claim for relief ..................................................... 5
   A.    The Trafficking Victims Protection Act does not apply to the consensual, adult relationship described in the amended complaint ................................................. 5
   B.    The amended complaint fails to state a claim for relief ........................................ 6
      i.    The amended complaint impermissibly lumps all Defendants together in violation of Rule 8 ............................................................................................. 6
      ii.   The amended complaint fails to plead fraud ................................................... 7
      iii.  The amended complaint fails to plead coercion ............................................. 7
      iv.  The amended complaint fails to plead a causal link ....................................... 9
      v.   Sections 1592, 1593A, and 1594(a)–(c) do not provide relief ....................... 9
III.    The amended complaint is untimely ................................................................................ 11
CONCLUSION ............................................................................................................................. 13
CERTIFICATE OF SERVICE ..................................................................................................... 14

## TABLE OF AUTHORITIES

**Cases**

*Abarca v. Little*, 54 F. Supp. 3d 1064, 1070 (D. Minn. 2014) ...................................................... 13

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-54 (2007) ...................................................... 10

*FTC v. Silueta Distribs., Inc.*, No. C 93-4141 SBA, 1995 WL 215313, at *12 n.5 (N.D. Cal. Feb. 24, 1995) .................................................................................................................................. 11

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ................................................................................ 9

*Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 284 F.Supp.2d 15, 25 (D.D.C.2003) . 11

*Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009) .................................................................................... 9

*Metawave Commc'ns Corp. Sec. Litig.*, 298 F. Supp. 2d 1056, 1090 (W.D. Wash. 2003) .......... 11

*Meyers v. Schriro*, No. CV08–0078–PHX–GMS, 2010 WL 2471914, at *6 (D. Ariz. June 15, 2010) ........................................................................................................................................ 11

*Oluch v. Orina*, 101 F. Supp. 3d 325, 330 (S.D.N.Y. 2015) ......................................................... 13

*United States v. Marcus*, 487 F. Supp. 2d 289 (E.D.N.Y. 2007) .................................................... 5

**Statutes**

18 U.S.C. § 1591 ............................................................................................................................. 8

18 U.S.C. § 1595 ...................................................................................................................... 1, 12

18 U.S.C. §§ 1592, 1593A, or 1594 .................................................................................... 5, 9, 10

Defendant Ghislaine Maxwell submits this reply memorandum of law in support of her motion to dismiss:

## INTRODUCTION

Try as she might, Ms. Ransome cannot salvage the myriad deficiencies in her amended complaint. Nor can she avoid the law and logic of the motions to dismiss, which demonstrate the amended complaint's flaws and the futility of allowing yet another amendment. In particular, Ms. Ransome has no persuasive rebuttal to this fundamental fact: The Trafficking Victim's Protection Act (TVPA), 18 U.S.C. § 1595, does not apply to the conduct about which she now complains, conduct she willingly and consensually engaged in more than ten years ago. Ms. Ransome may have come to regret her consensual relationship with Mr. Epstein, but that does not mean she was the victim of unlawful sex trafficking or that Ms. Maxwell is somehow liable for it.

To the contrary, Ms. Ransome, an adult, college-educated women, sophisticated in the ways of relationships and living large, knew exactly what she was doing. ███████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████ Sex trafficking it was not.

1

## ARGUMENT

### I.   THE FACTS

Without the shield of confidentiality,[1] the Court can now confirm what was already clear from any fair reading of the amended complaint: Ms. Ransome was not the victim of sex trafficking, and the sole claim she now presents is barred by the longest potentially applicable statute of limitations.



---

[1] In response to the motions to dismiss filed by Mr. Epstein, Ms. Groff, and Ms. Kellen, Ms. Ransome relied on material outside her deposition transcript and exhibits in the Giuffre Matter. (Doc. # 115, p. 24). In response to Ms. Maxwell's motion to dismiss, Ms. Ransome incorporates these arguments and authorities by reference. (Doc. # 128, p. 22 (citing Doc. # 115, p. 24-26)). Although Ms. Maxwell is not a party to the Confidentiality Stipulation and Order, that order now permits Defendants to rely on any evidence Ms. Ransome produced in the prior matter. (Doc. # 100, ¶ 2).

██████████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████

████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████

Ms. Ransome claims she was fraudulently induced into the relationship with Mr. Epstein based on a false promise of securing her admission to the Fashion Institute of Technology (F.I.T.). (Am. Compl. ¶ 38). ████████████████████████████

██████████████████████████████████████████████████

3

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████ It is beyond comprehension how Mr. Epstein could be liable for sexually trafficking Ms. Ransome based on an alleged promise to secure her admission to F.I.T. when Ms. Ransome never even applied. How Ms. Maxwell could be derivatively liable is even more unfathomable.

In turn, Ms. Ransome cannot plausibly allege that her claim, such as it is, accrued after January 26, 2007. ████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████ Necessarily, then, Ms. Ransome's claim accrued no later than January 22, 2007 (likely even sooner), more than ten years before she filed her complaint.

This is not and never will be a sex trafficking case. It is the story of a brief, consensual relationship between two adults occurring more than ten years ago. For these reasons, as elaborated below, this case must be dismissed with prejudice.

## II. THE AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF

The TVPA does not apply to the conduct at issue in this case. Even charitably construed, Plaintiff's complaint does not plead fraud with particularity; it fails to plead reasonable reliance, coercion, or causation; it fails to state a claim under 18 U.S.C. §§ 1592, 1593A, or 1594; and it is barred by the statute of limitations. For these reasons, as well as those given in the motions to dismiss and replies in support thereof filed by Mr. Epstein, Ms. Groff, and Ms. Kellen, this Court should dismiss this case with prejudice.[2]

### A. The Trafficking Victims Protection Act does not apply to the consensual, adult relationship described in the amended complaint

Mr. Epstein and Ms. Ransome had a brief, consensual relationship in which sex was exchanged for benefits. Whatever the propriety of that relationship, it's the type of relationship Ms. Ransome sought out and consented to. It is not sex trafficking. Sex trafficking under the TVPA requires proof of fraud or coercion, something that did not occur here.

In hoping to convince this Court otherwise, Ms. Ransome stakes her claim to the decision in *United States v. Marcus*, 487 F. Supp. 2d 289 (E.D.N.Y. 2007), *rev'd in part and aff'd in part*, 628 F.3d 36 (2d Cir. 2010). (Doc. # 128, p. 4-5). But *Marcus* is nothing like the facts alleged here. *Marcus* involved physical and emotional torture, violence, abuse, and actual fraud and coercion. It was anything but consensual. In fact, the Second Circuit was careful to note that

---

[2] Ms. Maxwell adopts and incorporates by reference all of the arguments advanced by Mr. Epstein, Ms. Groff, and Ms. Kellen. (Doc. # 125-1; Doc. # 127). In addition, Ms. Maxwell here reiterates the arguments that this Court should strike paragraphs 11 through 33 of the amended complaint and that dismissal is additionally required because this Court is not the proper forum. (Doc. # 120, p. 4 & n.1; Doc. # 125, p. 4-5, 15).

"consensual BDSM activities alone could not constitute the basis for a conviction under the sex trafficking charges." 628 F.3d at 45.

Promising that she has "not yet had the opportunity to present the extent of sexual abuse she suffered," Plaintiff avoids the reality that she must adequately *plead* "force, fraud or coercion." Here, lacking allegations of force, Plaintiff instead asserts conclusory and implausible allegations of fraud and coercion. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The TVPA simply does not apply to the adult, consensual relationship at issue here, one that Ms. Ransome enjoyed and exploited.

### B. The amended complaint fails to state a claim for relief

#### i. The amended complaint impermissibly lumps all Defendants together in violation of Rule 8

Ms. Ransome denies that she impermissibly lumps all Defendants together. (Doc. # 128, p. 5-7). But in responding to the motions to dismiss, Ms. Ransome unwittingly undermines her own argument.

Take just one example. In defending her claim that some or all of the "Defendants" withheld her passport and restricted her travel, without specifying when her passport was taken from her, (Am. Compl. ¶¶ 45, 49, 51, 54), Ms. Ransome says: "Defendants Epstein, Maxwell, and Kellen, *both individually and together*, took possession of her passport." (Doc. # 115, p. 16). This is nothing but another example of impermissible lumping.

6

Was her passport taken three times, once by each defendant? Was her passport taken once, by all three Defendants at the same time? Which passport was taken, her U.K. passport or her South African passport? There's no way to know, because the amended complaint doesn't say.

### ii. The amended complaint fails to plead fraud

In addition to all the reasons given in the motion to dismiss, one undisputed fact is enough to dispense with the fraud claim: Ms. Ransome never applied to F.I.T. The amended complaint does not allege that she ever applied ███████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████

Ms. Ransome has no response to this undisputed fact. (Doc. # 128, p. 11; Doc. # 115, p. 9-11). Her fraud claim fails.

### iii. The amended complaint fails to plead coercion

Ms. Maxwell's motion to dismiss showed why the amended complaint failed to plausibly plead coercion. (Doc. # 115, p. 14-16). In response, Ms. Ransome does nothing but quote the conclusory and implausible allegations contained in the amended complaint, including her tried-and-true lump pleading practices. (Doc. # 128, p. 11-13).

In particular, Ms. Ransome claims that she was "coerced" into sexual compliance with promises of "an education, living quarters, and other benefits." (*Id.* at 12). But promises of this sort are not coercive under the law; coercion under the TVPA requires threats of serious harm.

7

18 U.S.C. § 1591(e)(2). Here, Ms. Ransome could not have been "seriously harmed" if she stopped receiving benefits she had no entitlement to in the first place.

As a fallback, Ms. Ransome points to her allegation that "[d]uring many sexual encounters, Defendant Epstein gave [her] no option, opportunity, or choice not to participate in the prescribed sexual acts." (*Id.* at 12 (citing Am. Compl. ¶ 46)). She also claims that Mr. Epstein "did in fact cause her physical harm and used his power to coerce Ms. Ransome into compliance." (*Id.* at 13 (citing Am. Compl. ¶¶ 40-63)). How Ms. Maxwell is responsible for this alleged conduct is left entirely unexplained and absent from the amended complaint.

█████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████
████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

There was no coercion by Ms. Maxwell.

### iv. The amended complaint fails to plead a causal link

In arguing that she plausibly alleged a causal link, Ms. Ransome says only this:

> Ms. Ransome has properly pled a causal link between Defendants' fraudulent and coercive acts and Ms. Ransome engaging in commercial sex acts:
>
>> Through these and other actions, the Defendants intended to cause, and did cause, Plaintiff to believe that failure to perform the actions they requested would result in physical restraint and potential harm to her person, as well as harm to her reputation, employability, and stable state of mind.

(Doc. # 128, p. 13 (quoting Am. Compl. ¶ 49)).

That is nothing but a conclusory assertion of causation. It is not entitled to any weight before this Court. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (quoting *Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009))).

### v. Sections 1592, 1593A, and 1594(a)–(c) do not provide relief

Because Ms. Ransome has no claim under Section 1591, neither does she have a claim under Section 1592. (Doc. # 120, p. 17). Ms. Ransome denies this by asserting that "Defendants Epstein, Maxwell, and Kellen, both individually and together, took possession of her passport." (Doc. # 115, p. 16). This is exactly the type of conclusory assertion that cannot survive a motion to dismiss under *Twombly*/*Iqbal*. Ms. Ransome provides no description of which passport was taken, when, by whom, for how long, or with what effect.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9



There is nothing in the amended complaint plausibly showing that anyone took her passport "in the course of violating" Section 1951.

Ms. Ransome does not seriously defend her allegation of liability under Section 1953. The amended complaint is devoid of any allegation as to how Ms. Maxwell supposedly benefitted financially from participating in Mr. Epstein's "improper" scheme. Nor can Ms. Ransome articulate how a 2008 addition to the statute applies to alleged conduct predating its enactment. Like Section 1592, Section 1593 has no application here.

In addition, this case is not properly brought under Section 1954(a)-(c). Nothing in Ms. Ransome's opposition changes what Ms. Maxwell said in her motion to dismiss. To the contrary, Ms. Ransome's response cannot explain how this case involves an alleged attempt; Ms. Ransome's entire theory is that the Defendants *succeeded* in trafficking her. In turn, just because Ms. Ransome has sued multiple people does not mean there was a conspiracy. Ms. Ransome must actually and plausibly allege *an agreement*, something she hasn't done. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-54 (2007).

Finally, at the time of the events in this case, subsections 1594(b) and 1594(c) were criminal provisions having nothing to do with a civil action. (Doc. # 120, p. 18). Ms. Ransome does not address this fact in her opposition. (Doc. # 128, p. 14). This Court should construe this

failure as a concession that Ms. Ransome has no claim under either subsection 1594(b) or subsection 1594(c). *See Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 284 F.Supp.2d 15, 25 (D.D.C.2003) ("[W]hen a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." (applying local rule)); *see also Meyers v. Schriro*, No. CV08–0078–PHX–GMS, 2010 WL 2471914, at *6 (D. Ariz. June 15, 2010) (construing opposition's failure to address one defendant as consent to dismissal of that defendant); *In re Metawave Commc'ns Corp. Sec. Litig.*, 298 F. Supp. 2d 1056, 1090 (W.D. Wash. 2003) (interpreting failure to address issue in opposition as Plaintiff's concession that motion to dismiss be granted as to that issue); *FTC v. Silueta Distribs., Inc.*, No. C 93-4141 SBA, 1995 WL 215313, at *12 n.5 (N.D. Cal. Feb. 24, 1995) (viewing failure to oppose portion of motion as concession that motion should be granted).

### III.   THE AMENDED COMPLAINT IS UNTIMELY

Ms. Maxwell's motion to dismiss explained why the four-year statute of limitations applied and why Congress did not, through the Trafficking Victims Protection Reauthorization Act (TVPRA), intend to enlarge the statute of limitations to ten years. (Doc. # 120, p. 20-23). Whatever power Congress may have had to extend the statute of limitations, no such extension was intended.

In response, Ms. Ransome again attempts to misdirect this Court. With no citation to any legal authority, Ms. Ransome claims that, "[o]f course, to satisfy a statute of limitations, only one act must have been committed inside the relevant time period." (Doc. # 128, p. 22). "Of course," this is not correct. If Ms. Ransome's claim accrued more than ten years before she filed her first complaint on January 26, 2017, then it is time barred under even Ms. Ransome's view of the

11

case. *See* 18 U.S.C. § 1595(c)(1) ("No action may be maintained under [the TVPA] unless it is commenced not later than . . . (1) 10 years after the cause of action arose.")

That is precisely what happened here, as Ms. Ransome's amended complaint makes clear. As alleged in the amended complaint, Ms. Ransome "knew" by January 2007, "based upon [her] experience" with Mr. Epstein, that the Defendants were engaged in a fraudulent and coercive scheme to traffick her for sex. (Am. Compl. ¶ 55-56). By this point, as even the amended complaint admits, Ms. Ransome knew this scheme was "[il]legitimate." (*Id.* ¶ 56). Yet she waited more than ten years to file her lawsuit, a delay that bars her from proceeding now.

[redacted]

▬▬▬▬▬▬▬▬▬ As a matter of law, therefore, her claim under the TVPA accrued no later than January 22, 2007. *See, e.g.*, *Oluch v. Orina*, 101 F. Supp. 3d 325, 330 (S.D.N.Y. 2015) (Section 1595 claim accrued when plaintiff first left defendant's home); *Abarca v. Little*, 54 F. Supp. 3d 1064, 1070 (D. Minn. 2014) (Section 1595 claim accrued when plaintiff traveled home to Mexico and had "physical freedom"). Her complaint in this case, first filed more than ten years later, is untimely.

## CONCLUSION

For these reasons, as well as those previously provided, Ms. Maxwell respectfully requests that this Court dismiss this case with prejudice.

Dated: May 21, 2018.

Respectfully submitted,

*s/ Laura A. Menninger*
Laura A. Menninger (LM-1374)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:  303.831.7364
Fax:     303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

13

**CERTIFICATE OF SERVICE**

      I certify that on May 21, 2018, I served the accompanying *Reply Memorandum of Law in Support of Ghislaine Maxwell's Motion to Dismiss* on the following counsel of record:

Sigrid S. McCawley
Meredith Schultz
Boies, Schiller & Flexner, LLP
401 East Las Olas Boulevard, Ste. 1200
Fort Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Bradley J. Edwards
EDWARDS POTTINGER LLC
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

John E. Stephenson, Jr.
Jonathan D. Parente
Alexander S. Lorenzo
ALSTON & BIRD, LLP
90 Park Avenue
New York, NY 10016
john.stephenson@alston.com
jonathan.parente@alston.com
alexander.lorenzo@alston.com

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu


Michael C. Miller
Justin Y.K. Chu
Michael A. Keough
STEPTOE & JOHNSON, LLP
1114 Avenue of the Americas
New York, NY 10036
mmiller@steptoe.com
jchu@steptoe.com
mkeough@steptoe.com

*s/ Nicole Simmons*