**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANE DOE 43,<br><br>          Plaintiff,<br><br>vs.<br><br>JEFFREY EPSTEIN, GHISLAINE MAXWELL, SARAH KELLEN, LESLEY GROFF, AND NATALYA MALYSHEV<br><br>          Defendants. | **CASE NO. 17 Civ 616 (JGK)** |

## ANSWER OF SARAH KELLEN

Defendant Sara Kellen ("Kellen"), by and through her counsel, answers and responds to Plaintiff Sarah Ransome's ("Plaintiff" or "Ransome") First Amended Complaint (the "Complaint").

## PRELIMINARY STATEMENT[1]

Kellen enjoys the same protections of the self-incrimination clause of the Fifth Amendment to the United States Constitution (the "Fifth Amendment") as do all other persons who are potentially subject to criminal prosecution in a jurisdiction in which the Fifth Amendment applies.  It is Kellen's express intent in this Answer to claim the fullest possible protection of the United States Constitution in responding to the Complaint.  Kellen does not intend by any of her responses to waive such protection and requests that, in cases of any doubt or ambiguity, her response be construed as an assertion rather than a waiver of such privilege. Kellen also reserves her right to amend her responses without compromising her rights under the Fifth Amendment.

---

[1]   Kellen is not required to respond to the headings set forth in the Complaint since they are not factual allegations.

## RESPONSE TO SPECIFIC ALLEGATIONS

1.      Kellen admits that the Plaintiff purports to bring this lawsuit pursuant to the statutes described in Paragraph 1.

2.      In response to the allegations in Paragraph 2, Kellen admits that the Plaintiff filed this lawsuit under a pseudonym purportedly for the reasons stated therein.

3.      It appears that the allegations in Paragraph 3 are directed to an individual other than Kellen, to which no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

4.      It appears that the allegations in Paragraph 4 are directed to an individual other than Kellen, to which no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

5.      It appears that the allegations in Paragraph 5 are directed to an individual other than Kellen, to which no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

6.      It appears that the allegations in Paragraph 6 are directed to an individual other than Kellen, to which no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

7.      Kellen admits that she is a citizen of the United States.  In response to the other allegations in Paragraph 7, Kellen asserts her rights under the Fifth Amendment and declines to answer.

8.      It appears that the allegations in Paragraph 8 are directed to an individual other than Kellen, to which no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

9.      It appears that the allegations in Paragraph 9 state conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

10.      It appears that the allegations in Paragraph 10 state conclusions of law, as to which no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

11.      To the extent the allegations in Paragraph 11 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

12.      It appears that the allegations in Paragraph 12 are directed to an individual other than Kellen, to which no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

13.      It appears that the allegations in Paragraph 13 are directed to an individual other than Kellen, to which no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

14.      To the extent the allegations in Paragraph 14 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

15.     In response to the allegations in Paragraph 15, Kellen asserts her rights under the Fifth Amendment and declines to answer.

16.     To the extent the allegations in Paragraph 16 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

17.     To the extent the allegations in Paragraph 17 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

18.     To the extent the allegations in Paragraph 18 concern Kellen, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

19.     To the extent the allegations in Paragraph 19 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

20.     To the extent the allegations in Paragraph 20 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

21.     To the extent the allegations in Paragraph 21 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

22.     To the extent the allegations in Paragraph 22 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

23.     It appears that the allegations in Paragraph 23 are directed to individuals other than Kellen, to which no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

24.     To the extent the allegations in Paragraph 24 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

25.     To the extent the allegations in Paragraph 25 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

26.     To the extent the allegations in Paragraph 26 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

27.     To the extent the allegations in Paragraph 27 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

28.     To the extent the allegations in Paragraph 28 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

29.     It appears that the allegations in Paragraph 29 are directed to an individual other than Kellen, to which no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

30.     To the extent the allegations in Paragraph 30 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

31.     To the extent the allegations in Paragraph 31 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

32.      To the extent the allegations in Paragraph 32 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

33.     To the extent the allegations in Paragraph 33 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

34.     To the extent the allegations in Paragraph 34 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive

pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

35.     It appears that the allegations in Paragraph 35 are directed to an individual other than Kellen, to which no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

36.     It appears that the allegations in Paragraph 36 are directed to individuals other than Kellen, to which no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

37.     To the extent the allegations in Paragraph 37 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

38.     To the extent the allegations in Paragraph 38 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

39.     It appears that the allegations in Paragraph 39 are directed to individuals other than Kellen, to which no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

40.     To the extent the allegations in Paragraph 40 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations

are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

41.     To the extent the allegations in Paragraph 41 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

42.     To the extent the allegations in Paragraph 42 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

43.     To the extent the allegations in Paragraph 43 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

44.     To the extent the allegations in Paragraph 44 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

45.     To the extent the allegations in Paragraph 45 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

46.     It appears that the allegations in Paragraph 46 are directed to individuals other than Kellen, to which no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

47.     It appears that the allegations in Paragraph 47 are directed to individuals other than Kellen, to which no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

48.     To the extent the allegations in Paragraph 48 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

49.     To the extent the allegations in Paragraph 49 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

50.     To the extent the allegations in Paragraph 50 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations

are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

51.     To the extent the allegations in Paragraph 51 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

52.     To the extent the allegations in Paragraph 52 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

53.     To the extent the allegations in Paragraph 53 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

54.     To the extent the allegations in Paragraph 54 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

55.    To the extent the allegations in Paragraph 55 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

56.    To the extent the allegations in Paragraph 56 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

57.    To the extent the allegations in Paragraph 57 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

58.    To the extent the allegations in Paragraph 58 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

59.    To the extent the allegations in Paragraph 59 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive

pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

60.     To the extent the allegations in paragraph 60 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

61.     To the extent the allegations in Paragraph 61 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

62.     To the extent the allegations in Paragraph 62 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

63.     To the extent the allegations in Paragraph 63 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

64.     To the extent the allegations in Paragraph 64 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

65.     To the extent the allegations in Paragraph 65 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

66.     To the extent the allegations in Paragraph 66 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

67.     In response to Paragraph 67, Kellen repeats and incorporates her responses to Paragraphs 1 through 66 of the Complaint.

68.     To the extent the allegations in Paragraph 68 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

69.     To the extent the allegations in Paragraph 69 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

70.     To the extent the allegations in Paragraph 70 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

71.     To the extent the allegations in Paragraph 71 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

72.     To the extent the allegations in Paragraph 72 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

73.     To the extent the allegations in Paragraph 73 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive

pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

74.     It appears the allegations in Paragraph 74 state conclusion of law, as to which no response is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

75.     To the extent the allegations in Paragraph 75 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

76.     To the extent the allegations in Paragraph 76 concern Kellen's conduct, Kellen asserts her rights under the Fifth Amendment and declines to answer.  In so far as the allegations are directed to individuals other than Kellen and/or state conclusions of law, no responsive pleading is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

77.     It appears the allegations in Paragraph 77 state conclusion of law, as to which no response is required.  To the extent a response is required, Kellen asserts her rights under the Fifth Amendment and declines to answer.

## DEFENSES

By alleging the following defenses, Kellen does not assume any burden of proof, persuasion, or production not otherwise legally assigned to him.  Kellen reserves all rights to assert other defenses as appropriate.

### First Defense

The Complaint fails to state a claim upon which relief can be granted against Kellen.

16

## Second Defense

Plaintiff's claim is barred, in whole or in part, by the applicable statute of limitations and/or laches.

## Third Defense

Plaintiff failed to mitigate damages in whole or in part.

## Fourth Defense

Plaintiff's claim is barred, in whole or in part, by the doctrines of assumption of risk, estoppel, unclean hands, waiver, consent and/or ratification.

## Fifth Defense

Plaintiff's damages, if any, resulted from the acts or omissions of Plaintiff or third parties other than Kellen.

## Sixth Defense

The damages, if any, alleged in the Complaint were directly and proximately caused, in whole or in part, by superseding or intervening conduct for which Kellen cannot be held liable.

## Seventh Defense

The conduct alleged does not constitute a violation, and is beyond the scope of the federal criminal anti-sex trafficking statutes upon which this suit is based, none of which are meant to regulate voluntary private relationships.

## Eighth Defense

Plaintiff's claim is barred because Plaintiff was an educated, experienced and sophisticated individual who was free to associate and form relationships with anyone and free to terminate her association and relationships with anyone.

## Ninth Defense

Plaintiff's claim is barred because Plaintiff did not actually rely and did not detrimentally and/or reasonably rely upon any misrepresentations or omissions alleged in the Complaint.

## Tenth Defense

This Court lacks personal jurisdiction over Kellen.

## Eleventh Defense

Kellen reserves the right to supplement this Answer and to assert other defenses, when and if they become appropriate in this action.

## PRAYER FOR RELIEF

WHEREFORE, Kellen respectfully requests:

A.      judgment dismissing the First Amended Complaint with prejudice; and

B.      such other and further relief as this Court may deem just and proper.

Dated: August 31, 2018
        New York, New York

**STEPTOE & JOHNSON LLP**

By:   */s/ Michael C. Miller*
      _____
      Michael C. Miller
      Justin Y.K. Chu
      1114 Avenue of the Americas
      New York, NY 10036
      Telephone: 212-506-3900
      Facsimile: 202-506-3950

*Attorneys for Defendant Sarah Kellen*