UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X

SARAH RANSOME,

    Plaintiff,

v.

JEFFREY EPSTEIN, GHISLAINE
MAXWELL, SARAH KELLEN, LESLEY
GROFF, and NATALYA MALYSHEV,

    Defendants.

17-cv-00616-JGK

------------------------------------------------X

## ANSWER

Defendant Ghislaine Maxwell, through her attorneys Haddon, Morgan & Foreman, P.C., answers the First Amended Complaint as follows:

1. Ms. Maxwell denies the legal conclusions contained in Paragraph 1.

2. Ms. Maxwell admits that Plaintiff filed this action under a pseudonym but later moved to change the case-caption to include her name. Ms. Maxwell denies all other factual allegations contained in Paragraph 2.

3. Ms. Maxwell is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3.

4. Ms. Maxwell is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4.

1

5. Ms. Maxwell admits that Defendant Jeffrey Epstein is an adult male and otherwise is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5.

6. Ms. Maxwell admits that she is a citizen of the United Kingdom and the United States but otherwise denies the allegations contained in Paragraph 6.

7. Ms. Maxwell is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7.

8. Ms. Maxwell is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8.

9. Ms. Maxwell denies the factual allegations and legal conclusions contained in Paragraph 9.

10. Ms. Maxwell denies the factual allegations and legal conclusions contained in Paragraph 10.

## FACTUAL ALLEGATIONS

11. Ms. Maxwell denies the factual allegations and legal conclusions contained in Paragraph 11.

12. Ms. Maxwell denies the factual allegations and legal conclusions contained in Paragraph 12.

13. Ms. Maxwell denies the factual allegations and legal conclusions contained in Paragraph 13 that reference her and otherwise is without knowledge or information sufficient to form a belief as to the remaining allegations.

14. Ms. Maxwell denies the factual allegations and legal conclusions contained in Paragraph 14.

15. Ms. Maxwell denies the factual allegations and legal conclusions contained in Paragraph 15 that reference her and otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations.

16. Ms. Maxwell denies the factual allegations and legal conclusions contained in Paragraph 16.

17. Ms. Maxwell denies the factual allegations and legal conclusions contained in Paragraph 17.

18. Ms. Maxwell denies the factual allegations and legal conclusions contained in Paragraph 18.

19. Ms. Maxwell denies the factual allegations and legal conclusions contained in Paragraph 19.

20. Ms. Maxwell denies the factual allegations and legal conclusions contained in Paragraph 20.

21. Ms. Maxwell denies the factual allegations and legal conclusions contained in Paragraph 21.

22. Ms. Maxwell denies the factual allegations and legal conclusions contained in Paragraph 22.

23. Ms. Maxwell denies the factual allegations and legal conclusions contained in Paragraph 23.

24. Ms. Maxwell denies the factual allegations and legal conclusions contained in Paragraph 24.

25. Ms. Maxwell lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25 and denies any such allegations as pertain to her.

26. Ms. Maxwell lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 and denies any such allegations as pertain to her.

27. Ms. Maxwell lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27.

28. Ms. Maxwell denies the factual allegations and legal conclusions contained in Paragraph 28 that reference her and otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations.

29. Ms. Maxwell lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29.

30. Ms. Maxwell denies the allegations contained in Paragraph 30.

31. Ms. Maxwell denies the factual allegations and legal conclusions contained in Paragraph 31 that reference her and otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations.

32. Ms. Maxwell denies the factual allegations and legal conclusions contained in Paragraph 32 that reference her and otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations.

33. Ms. Maxwell denies the factual allegations and legal conclusions contained in Paragraph 33 that reference her and otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations.

34. Ms. Maxwell denies the factual allegations and legal conclusions contained in Paragraph 34 that reference her and otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations.

35. Ms. Maxwell lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35.

36. Ms. Maxwell lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36.

37. Ms. Maxwell denies the allegations contained in Paragraph 37.

38. Ms. Maxwell denies the factual allegations and legal conclusions contained in Paragraph 38 that reference her and otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations.

39. Ms. Maxwell denies the allegations contained in Paragraph 39.

40. Ms. Maxwell denies the allegations contained in Paragraph 40.

41. Ms. Maxwell denies the allegations contained in Paragraph 41.

42. Ms. Maxwell denies the allegations contained in Paragraph 42.

43. Ms. Maxwell denies the allegations contained in Paragraph 43.

44. Ms. Maxwell denies the allegations contained in Paragraph 44.

45. Ms. Maxwell denies the allegations contained in Paragraph 45.

46. Ms. Maxwell lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 46.

47. Ms. Maxwell denies the allegations contained in Paragraph 47.

48. Ms. Maxwell denies the allegations contained in Paragraph 48.

49. Ms. Maxwell denies the allegations contained in Paragraph 49.

50. Ms. Maxwell denies the allegations contained in Paragraph 50.

51. Ms. Maxwell denies the allegations contained in Paragraph 51.

52. Ms. Maxwell denies the allegations contained in Paragraph 52.

53. Ms. Maxwell denies the allegations contained in Paragraph 53.

54. Ms. Maxwell denies the allegations contained in Paragraph 54.

55. Ms. Maxwell denies the allegations contained in Paragraph 55.

56. Ms. Maxwell denies the allegations contained in Paragraph 56.

57. Ms. Maxwell denies the allegations contained in Paragraph 57.

58. Ms. Maxwell denies the allegations contained in Paragraph 58.

59. Ms. Maxwell denies the allegations contained in Paragraph 59.

60. Ms. Maxwell denies the allegations contained in Paragraph 60.

61. Ms. Maxwell denies the allegations contained in Paragraph 61.

62. Ms. Maxwell denies the allegations contained in Paragraph 62.

63. Ms. Maxwell denies the allegations contained in Paragraph 63.

64. Ms. Maxwell denies the allegations contained in Paragraph 64.

65. Ms. Maxwell denies the allegations contained in Paragraph 65.

66. Ms. Maxwell denies the allegations contained in Paragraph 66.

### COUNT 1:  CAUSE OF ACTION AGAINST DEFENDANTS PURSUANT TO 18 U.S.C. § 1595

67. Ms. Maxwell restates and incorporates all of the foregoing answers contained in paragraphs 1-66 above.

68. Ms. Maxwell denies the allegations contained in Paragraph 68.

69.  Ms. Maxwell denies the allegations contained in Paragraph 69.

70. Ms. Maxwell denies the allegations contained in Paragraph 70.

71. Ms. Maxwell denies the allegations contained in Paragraph 71.

72. Ms. Maxwell denies the allegations contained in Paragraph 72.

73. Ms. Maxwell denies the allegations contained in Paragraph 73.

74. Ms. Maxwell denies the allegations contained in Paragraph 74.

75. Ms. Maxwell denies the allegations contained in Paragraph 75.

76. Ms. Maxwell denies the allegations contained in Paragraph 76 to the extent they pertain to her.

77. Ms. Maxwell denies the allegations contained in Paragraph 77.

## **AFFIRMATIVE DEFENSES**

78. The Court lacks personal jurisdiction over Ms. Maxwell.

79. The case is improperly venued in the Southern District of New York.

80. Insufficient process has been afforded to Ms. Maxwell.

81. Insufficient service of process has been afforded to Ms. Maxwell.

82. The First Amended Complaint fails to state a claim upon which relief could be granted.

83. Plaintiff's claims are barred by the statute of limitations.

84. Plaintiff failed to take reasonable, necessary, appropriate and feasible steps to mitigate her alleged damages, and to the extent of such failure to mitigate, she should be barred from recovering some or all of the alleged damages she seeks.

85. Plaintiff's damages, if any, are the proximate result of intervening causes, pre-existing medical and mental conditions of Plaintiff, and/or causes that occurred without the knowledge or participation of Ms. Maxwell and for which Ms. Maxwell is not responsible.

86. Plaintiff's damages, if any, were the result of her own conduct or the conduct of others and were not proximately caused by any action of Ms. Maxwell.

87. Plaintiff voluntarily or negligently assumed a known risk.

88. Plaintiff consented to the alleged conduct.

89. Sections 1591, 1592, 1593A, 1594 and 1595 of Title 18 of the United States Code are unconstitutional as applied to Ms. Maxwell.

90. Plaintiff's claims are barred, in whole or in part, by the affirmative defenses of waiver, estoppel, laches, and unclean hands.

## JURY DEMAND

Ghislaine Maxwell demands a jury trial.

WHEREFORE, Defendant Ghislaine Maxwell demands judgment as follows:

A. That Plaintiff Sarah Ransome take nothing by way of her First Amended Complaint;

B. That the First Amended Complaint be dismissed *with prejudice;*

C. That Judgment be entered in favor of Defendant Ghislaine Maxwell and against Plaintiff Sarah Ransome;

D. That Defendant Ghislaine Maxwell be awarded her costs and fees in this action, including reasonable attorneys' fees and pre- and post-judgment interest; and

E. All other such relief as this Court deems just and proper.

Dated: August 31, 2018.

Respectfully submitted,

*s/ Laura A. Menninger*
Laura A. Menninger (LM-1374)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303.831.7364
Fax:     303.832.2628
lmenninger@hmflaw.com

*Attorney for Ghislaine Maxwell*

**CERTIFICATE OF SERVICE**

      I certify that on August 31, 2018, I served the accompanying *Answer* on the following counsel of record:

| | |
|---|---|
| Sigrid S. McCawley<br>Meredith Schultz<br>Boies, Schiller & Flexner, LLP<br>401 East Las Olas Boulevard, Ste. 1200<br>Ft. Lauderdale, FL 33301<br>smccawley@bsfllp.com<br>mschultz@bsfllp.com | Paul G. Cassell<br>383 S. University Street<br>Salt Lake City, UT 84112<br>cassellp@law.utah.edu |
| Bradley J. Edwards<br>EDWARDS POTTINGER LLC<br>425 North Andrews Ave., Ste. 2<br>Ft. Lauderdale, FL 33301<br>brad@pathtojustice.com | Michael C. Miller<br>Justin Y.K. Chu<br>Michael A. Keough<br>STEPTOE & JOHNSON, LLP<br>1114 Avenue of the Americas<br>New York, NY 10036<br>mmiller@steptoe.com<br>jchu@steptoe.com<br>mkeough@steptoe.com |
| John E. Stephenson, Jr.<br>Jonathan D. Parente<br>Alexander S. Lorenzo<br>ALSTON & BIRD, LLP<br>90 Park Avenue<br>New York, NY 10016<br>john.stephenson@alston.com<br>jonathan.parente@alston.com<br>alexander.lorenzo@alston.com | /s/ *Nicole Simmons*<br>Nicole Simmons |