

Sigrid S. McCawley, Esq.  
Telephone: (954) 377-4236  
Email: smccawley@bsfllp.com

November 6, 2018

**VIA CM/ECF**

Honorable Magistrate Sarah Netburn  
United States District Court  
Thurgood Marshall Courthouse  
40 Foley Square, Rm 430  
New York, NY 10007

      Re:   *Jane Doe 43 v. Jeffrey Epstein, et al.*,  
            **Case No.: 17-cv-00616 (JGK) – Response to Defendant Maxwell's Letter re Protective Order**

Dear Magistrate Netburn,

    Plaintiff first sent out her notice seeking to depose Defendant Maxwell on August 10, 2018. Due to numerous rescheduling requests from the Defendants, we are now in November and Plaintiff is finally getting to depose Defendant Maxwell this Thursday, November 8, 2018. All of the other Defendants in the case have asserted their Fifth Amendment rights and refused to provide substantive testimony. It is critical that Ms. Maxwell's deposition proceed now as discovery is set to close on January 25, 2018.

    Plaintiff also served requests for production on Defendant Maxwell and despite those requests originally being due over three weeks ago, Plaintiff granted Defendant Maxwell her requested two week extension under the express agreement that Plaintiff would have the documents in advance of Maxwell's deposition. Defendant Maxwell refused to produce the documents last week asserting that she will not produce any documents until the Plaintiff agrees to a Protective Order.

    Unlike the case referenced by Defendant Maxwell that was pending before Judge Sweet, the Plaintiff in this case was not a minor at the time the Defendants subjected her to sexual trafficking. Therefore, the concerns that would typically require a broad Protective Order, were not at issue in this case. Nevertheless, in an effort to avoid unnecessary disputes with this Court, Plaintiff agreed to Defendant Maxwell's proposed protective order with only slight modifications. The modifications were intended to prevent for abuse of the protective order and to ensure that only the person to whom the confidential information belonged could mark it as confidential to avoid a defendant making sweeping unjustified confidentiality designations. Attached to this correspondence is the Plaintiff's revisions to Defendant Maxwell's proposed Protective Order. Thereafter, the Epstein Defendants proposed a number of broad changes to the



Honorable Magistrate Sarah Netburn
November 6, 2018
Page 2

Protective Order in an admitted attempt to allow anybody to "designate anything they want as confidential," without the need for that confidential designation to be justified under the Federal Rules of Civil Procedure.

      We have agreed to hold all documents produced, and the deposition itself, confidential until the Court rules on what protective order, if any, is appropriate. Under these circumstances, we see no possible justification for Ms. Maxwell to continue to withhold documents or not appear for her deposition.

      Plaintiff respectfully requests that the Court order Defendant Maxwell to produce her documents today and sit for her long scheduled deposition on Thursday, November 8, 2018. If the Court is inclined to enter a Protective Order in this matter, Plaintiff respectfully requests that it enter the Plaintiff's proposed version attached hereto.

                                    Sincerely,

                                      *Sigrid S. McCawley*
                                    Sigrid S. McCawley

cc: All Counsel of Record