

Haddon, Morgan and Foreman, P.C
Laura A. Menninger

150 East 10th Avenue
Denver, Colorado  80203
PH  303.831.7364  FX  303.832.2628
www.hmflaw.com
lmenninger@hmflaw.com

November 6, 2018

<u>**Via ECF**</u>

The Hon. Magistrate Sarah Netburn
Thurgood Marshall Courthouse
Southern District of New York
40 Foley Square, Room 430
New York, New York 10007

Re:   *Sarah Ransome v. Jeffrey Epstein*, et al., 17-cv-00616 (JGK)

Dear Judge Netburn:

I write in reply to correspondence from Ms. McCawley of today's date and in further support of my request to enter the proposed protective order I submitted last night.

Plaintiff's request that Ms. Maxwell needs to be "ordered" to sit for her deposition on November 8, 2018, a date that both parties agreed to and have planned for, lacks factual or legal basis. It is Ms. Maxwell who has sought to have the protective order issue resolved prior to the scheduled deposition and it has been Plaintiff's counsel who have commenced gamesmanship around its terms. Mr. Boies on behalf of Plaintiff stated to counsel that he agreed to use the Giuffre protective order and then did an about-face at the last minute just before Ms. Maxwell was to produce her documents. Likewise, the prior record before this Court demonstrates it was Plaintiff who served deposition notices for parties without coordinating with counsel's schedules in violation of Local Rule 26.4(a), Plaintiff's counsel who ignored offered deposition dates in September, and who offered the November 8 deposition date, only to reverse course hours after Ms. Maxwell accepted it. It took an application by Ms. Maxwell to this Court to get Plaintiff's counsel to respect the agreement they already made for that date. See Doc. #s 152, 152-1.

Regarding the competing proposed protective orders, Plaintiff's proposal is not a "slight modification" to the one her counsel agreed to in the Giuffre matter. To the contrary, Plaintiff at paragraph 12 seeks to hold indefinitely in her possession electronic copies of the Confidential information, rather than to return or destroy the Confidential information at the conclusion of the case as she agreed to do in Giuffre. As has become clear from press-inquiries, Plaintiff's counsel's clients, both Ms. Ransome and Ms. Giuffre, have cooperated in journalist interviews including soon-to-be published series of stories concerning Mr. Epstein. The new request by Plaintiff's counsel to indefinitely possess Confidential information in electronic form beyond the end of the case has not been justified — not in direct request to the counsel and certainly not to this Court. There is no legitimate case-based reason for doing so.

Hon. Sarah Netburn
November 6, 2018
Page 2

      Given Plaintiff's counsel's agreement at this point to hold the documents Confidential pursuant to the terms of the proposed Orders, Ms. Maxwell will produce her documents. She requests, however, that this Court sign the protective order used in Giuffre as she earlier proposed, and as Plaintiff's counsel earlier agreed, with the right of the parties to seek modifications in the future upon good cause if necessary.

      Respectfully submitted,

      HADDON, MORGAN AND FOREMAN, P.C.

      */s/ Laura A. Menninger*
      Laura A. Menninger